1  CDF LABOR LAW LLP
       Alison L. Tsao, State Bar No. 198250
2      atsao@cdflaborlaw.com
       Timothy M. Freudenberger, State Bar No. 138257
3      tfreud@cdflaborlaw.com
       Marianne C. Koepf, State Bar No. 191025
4      mkoepf@cdflaborlaw.com
       Arthur S. Gaus, State Bar No. 289560
5      agaus@cdflaborlaw.com
       Candace DesBaillets, State Bar No. 315284
6      cdesbaillets@cdflaborlaw.com
   601 Montgomery Street, Suite 333
7  San Francisco, CA 94111
   Telephone: (415) 981-3233
8
   Attorneys for Defendants
9  PRUVIT VENTURES INC., BRIAN UNDERWOOD,
   CHRISTOPHER HARDING, TERRY LACORE, JENIFER
10 GRACE, and BLAKE MALLEN

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14 JENNIFER CARRERA, individually and on       ) Case No. 4:25-cv-09629-YGR
   behalf of all others similarly situated,     )
15                                               ) Assigned for All Purposes To:
                    Plaintiff,                   ) Judge: Hon. Yvonne Gonzalez Rogers
16         vs.                                   )
                                                 ) (Removed from Contra Costa County Superior
17 PRUVIT VENTURES INC.; BRIAN                   ) Court Case No. C25-00451)
   UNDERWOOD; CHRISTOPHER HARDING;              )
18 TERRY LACORE; JENIFER GRACE;                  ) **MEMORANDUM OF POINTS AND**
   BLAKE MALLEN; and DOES 1-50, inclusive,      ) **AUTHORITIES IN SUPPORT OF**
19                                               ) **DEFENDANTS' MOTION TO DISMISS**
                    Defendants.                  ) **FLSA AND QUASI-CONTRACT CLAIMS**
20                                               ) **PURSUANT TO FEDERAL RULE OF**
                                                 ) **CIVIL PROCEDURE 12(b)(1), 12(b)(2) &**
21                                               ) **12(b)(6)**
                                                 )
22                                               ) Date:   April 14, 2026
                                                 ) Time:   2:00 p.m.
23                                               ) Place:  Oakland Federal District Courthouse,
                                                 )         1301 Clay St., Ctrm 1, 4th Fl
24 _____ )

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................7

II. PROCEDURAL AND FACTUAL BACKGROUND .........................................7

    A.  Procedural Posture ................................................................................7

    B.  Relevant Factual Background .................................................................8

III. LEGAL ANALYSIS ...........................................................................................9

    A.  Legal Standard On A Rules 12 Motion to Dismiss ................................9

    B.  The Court Must Dismiss The FLSA Claims Of Non-CA Promoters
        Because It Does Not Have Personal Jurisdiction Over Those Claims ................11

        1.  Constitutional Due Process Requires That This Court Have
            Specific Jurisdiction Over The Claims Of Each Potential Opt-
            In Plaintiff ...............................................................................11

        2.  The Established Limits of Specific Jurisdiction Apply with
            Equal Force In FLSA Collective Actions ...................................13

        3.  This Court Lacks Specific Jurisdiction Over Non-CA
            Promoters ...............................................................................14

        4.  Because Plaintiff Cannot Meet Her Burden To Demonstrate
            Specific Personal Jurisdiction, Dismissal Is Proper .................15

    C.  In the Alternative, The FLSA And Quasi-Contract Claims Of Non-
        CA Promoters Should Be Dismissed Without Prejudice Because
        They Waived Their Right To Participate In A Collective or Putative
        Class Action ................................................................................16

        1.  Promoters Assented to a Binding Class/Collective Action
            Waiver ...................................................................................16

        2.  The Class/Collective Action Waiver Is Binding Under
            Federal Law As To Non-CA Promoters ...................................17

        3.  The Class Action Waiver Provisions in the Pruver Agreement
            Also Are Enforceable Under Texas Law ...................................18

        4.  The Alameda County Superior Court's Order On Defendant's
            Motion to Strike Has No Preclusive Effect on Promoters
            Outside of California ...............................................................18

    D.  If The Court Dismisses The FLSA Claims Of Non-CA Promoters,
        The Court Should Also Dismiss the FLSA Claims of CA Promoters
        As Duplicative Of California Law ................................................19

        1.  Plaintiff's FLSA Claim Is Wholly Duplicative of Her First

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

CDF Labor Law LLP

4918-5282-9067.1

**TABLE OF CONTENTS (cont.)**

**Page**

and Second Causes of Action under California's Labor Code ................... 19

2. Plaintiff's Quasi-Contract Claim As to CA Promoters Is Wholly Duplicative of Her UCL Claim ....................................................... 21

IV. CONCLUSION .......................................................................................... 21

CDF Labor Law LLP

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

4918-5282-9067.1

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3 **State Cases**

4 *Gentry v. Superior Court,*
5     42 Cal.4th 443 (2007) ............................................................................................... 19

*Peleg v. Neiman Marcus Group, Inc.,*
6     204 Cal.App. 4th 1425 (2012) .............................................................................. 18

7 **Federal Cases**

8 *Action Embroidery Corp. v. Atl. Embroidery, Inc.,*
9     368 F.3d 1174 (9th Cir. 2004) ............................................................................... 11

*American Express Co. v. Italian Colors Rest.,*
10     570 U.S. 228 (2013) ................................................................................................ 17

11 *Astiana v. Hain Celestial Grp., Inc.,*
    783 F.3d 753 (9th Cir. 2015) ................................................................................. 20
12

*Bristol-Myers Squibb Co. v. Sup. Ctt of Calif., San Francisco Cnty.,*
13     582 U.S. 255 (2017) .................................................................... 11, 13, 14, 15

14 *Caltex Plastics, Inc. v. Lockheed Martin Corp.,*
15     824 F3d 1156 (9th Cir. 2015) ............................................................................... 10

*Campbell v. City of Los Angeles,*
16     903 F.3d 1090 (9th Cir. 2018) ............................................................................... 14

17 *Canaday v. Anthem Companies, Inc.,*
    9 F.4th 392 (6th Cir. 2021) ............................................................................. 14, 15
18

*Daimler AG v. Bauman,*
19     571 U.S. 117 (2014) ......................................................................................... 11, 12

20 *Dorchester Fin'l Secur., Inc. v. Banco BRJ, S.A.,*
21     722 F.3d 81 (2d Cir. 2013) ................................................................................... 10

*Epic Systems Corporation v. Lewis,*
22     584 U.S. 497 (2018) ................................................................................................ 17

23 *Fischer v. Fed. Express Corp.,*
24     42 F.4th 366 (3d Cir. 2022) ........................................................................... 14, 15

*Goodyear Dunlop Tires Ops, S.A. v. Brown,*
25     564 U.S 915 (2011) ........................................................................................... 11, 13

26 *Harrington v. Cracker Barrel Old Country Store, Inc.*
    142 F.4th 678 (9th Cir. 2025); ...................................................................... 14, 15, 16
27

*Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,*
28     328 F.3d 1122 (9th Cir. 2003) ............................................................................... 10

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Horenstein v. Mortgage Market, Inc.,*
        9 Fed.Appx. 618 (9th Cir. 2001)..........................................................................17

*Int'l Shoe Co. v. Washington,*
        326 U.S. 310 (1945)..........................................................................................11

*J. McIntyre Machinery, Ltd. v. Nicastro,*
        564 U.S. 873 (2011)..........................................................................................11

*Laver v. Credit Suisse Secs. (USA), LLC,*
        976 F.3d 841 (9th Cir. 2020) ....................................................................10, 17, 18

*M.M. v. Lafayette Sch. Dist.,*
        681 F.3d 1082 (9th Cir. 2012) ...........................................................................20

*Martinez v. Aero Caribbean*
        764 F.3d 1062 (9th Cir. 2014) ...........................................................................12

*Maurey v. University of Southern California,*
        No. 98-cv-02900-NM (AIJ)(C.D. Cal. 1999) ......................................................20

*Miranda v. Centerra Services International., Inc.,*
        2025 WL 3776033 (S.D. Cal. 2025).............................................................15, 16

*Naranjo v. Nick's Management, Inc,*
        652 F.Supp.3d 737 (U.S. Dist. Ct., N.D. Tex. 2023).........................................18

*Online Travel Co.,*
        953 F. Supp. 2d 713 (N.D. Tex. 2013) ..............................................................18

*Rattlesnake Coal. v. U.S. E.P.A.,*
        509 F.3d 1095 (9th Cir.2007) ............................................................................10

*Safe Air for Everyone v. Meyer,*
        373 F.3d 1035 (9th Cir.2004) ............................................................................10

*Schwarzenegger v. Fred Martin Motor Co.,*
        374 F.3d 797 (9th Cir. 2004) ..........................................................9, 10, 13, 15

*Seismic Reservoir 2020, Inc. v. Paulsson,*
        785 F3d 330 (9th Cir. 2015) .............................................................................10

*U1it4Less, Inc. v. FedEx Corp.,*
        2015 WL 3916247 (S.D.N.Y. 2015).....................................................................17

*Vallone v. CJS Sols. Grp., LLC,*
        9 F.4th 861 (8th Cir. 2021) ...............................................................................14, 15

*Vanegas v. Signet Builders, Inc.,*
        113 F.4th 718 (7th Cir. 2024) ...........................................................................14, 15

5

CDF Labor Law LLP

4918-5282-9067.1

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Wenz v. Memery Crystal*,
    55 F.3d 1503 (10th Cir. 1995) .................................................................... 10, 13

*White v. Lee*,
    227 F.3d 1214 (9th Cir.2000) ............................................................................ 10

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir.2004) .............................................................................. 10

*Wynne v. Am. Express Co.*,
    2:09-CV-00260-TJW, 2010 WL 3860362 (E.D. Tex. Sept. 30, 2010) ............................. 18

*Yelp, Inc. v. Google, LLC*,
    2025 WL 1168900 (N.D. Cal. 2025) ................................................................. 19

**State Statutes and Regulations**

Business and Professions Code section 17200 ............................................................. 7, 8

Labor Code section 558.1 ............................................................................................... 8

**California Rules**

California Rule 23 .......................................................................................................... 20

**Federal Rules**

Federal Rule of Civil Procedure Rule 12 ..................................................................... 15

Federal Rule of Civil Procedure Rule 12(b)(1) .................................................... 7, 10, 18

Federal Rule of Civil Procedure Rule 12(b)(2) ................................................. 7, 9, 15, 16

Federal Rule of Civil Procedure Rule 12(b)(6) ..................................................... 7, 10

Federal Rule of Civil Procedure Rule 12(h)(1) ............................................................ 16

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

CDF LABOR LAW LLP

4918-5282-9067.1

# I.  INTRODUCTION

Defendants Pruvit Ventures, Inc. ("Pruvit"), Brian Underwood, Christopher Harding, Terry LaCore, Jennifer Grace, and Blake Mallen ("Defendants") move this court to dismiss the Twelfth (FLSA) and Thirteenth (Quasi-Contract) Causes of Action in Plaintiff's Second Amended Class Action, PAGA, and Collective Action Complaint ("SAC") pursuant to Federal Rule of Civil Procedures sections 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state a claim.

First, all Defendants other than Blake Mallen (hereafter "Non-CA Defendants") move to dismiss, without prejudice, the Fair Labor Standards Act ("FLSA") claims of Promoters who did not perform work or receive pay in California (hereafter "Non-CA Promoters") asserted against them because this court lacks personal jurisdiction over the Non-CA Defendants with respect to their claims.  Specifically, the Non-CA Defendants are not subject to the general jurisdiction of courts in California, and this court lacks specific jurisdiction over the FLSA claims of Non-California Promoters, since they do not relate to any activities occurring in California.  In the alternative, both the FLSA and Quasi-Contract claims of Non-CA Promoters should be dismissed without prejudice in their entirety because Non-CA Promoters waived their right to participate in collective or putative class claims when they signed valid class or collective action waivers. Finally, if this Court agrees with Defendants' first and/or second contentions, it should also dismiss the FLSA and Quasi-contract claims in their entirety because, to the extent such claims apply to CA Promoters, they are wholly duplicative of their California Labor Code and Unfair Competition Law, California Business and Professions Code §§ 17200 *et. seq*. ("UCL") claims.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

### A.    Procedural Posture

On February 1, 2025, Plaintiff filed a Complaint on behalf of herself and a putative class of CA Promoters against Defendants in California Superior Court.[1] [Dkt.  1-1 at pp. 7-114]

---

[1]Defendants Debra Aaron and LaCore Enterprises, LLC were subsequently dismissed without prejudice due to the California Superior Court's lack of personal jurisdiction over them.

On April 15, 2025, Defendants brought a Motion to Strike the putative class claims in the Complaint on the ground that Plaintiff had entered into a contract with Pruvit (i.e. "Promoter Agreement"), which had an enforceable class action waiver provision. [Dkt. 1-1 at pp. 361-368] The California Superior Court ruled that the class action waiver provision was unenforceable as to Plaintiff under California law and permitted the matter to proceed as a putative class. [2]

On April 18, 2025, Plaintiff filed a First Amended Complaint to add a California Private Attorneys General Act ("PAGA") cause of action. [Dkt. 1-1 at pp. 116-237 ]

On November 7, 2025, Defendants removed Plaintiff's action to federal court. [Dkt. 1]  On February 9, 2026, Plaintiff filed a Second Amended Complaint ("SAC") to add a nationwide collective action under the FLSA and a nationwide putative class Quasi-Contract claim. [Dkt. 20.]

**B.**    **Relevant Factual Background**

In her SAC, Plaintiff alleges: (1) she was a Promoter of Pruvit's products (SAC, ¶ 1);  (2) She and at least 25,251 Promoters engaged by Pruvit nationwide during the relevant statutory periods were misclassified as independent contractors instead of employees under the FLSA (*See* SAC, ¶¶ 1, 11 68, 138 and 140); (3) a sub-class of California Promoters were misclassified by Pruvit as independent contractors under California's Labor Code and Unfair Competition Law, Calif. Bus. and Prof. Code §§ 17200 *et. seq*. ("UCL") (*See* SAC ¶ 140); and (4) the individual Defendants are liable to her for these same alleged violations under the FLSA and California's Labor Code section 558.1 (SAC, ¶¶ 23 – 26.)  Plaintiff alleges Pruvit is a Texas corporation with its principal place of business in Texas or Kentucky. (SAC, ¶ 22; *see also* Dkt. 1-2 (Decl. of Jenifer Grace in Support of Defs' Notice of Removal ("Grace Decl."), ¶ 3, establishing Pruvit is a Texas corporation with its principal place of business in Texas.)

In her SAC, Plaintiff defines the "Nationwide Collective" or "Nationwide Class" (collectively, "Nationwide Class") as "All current and former Pruvit Promoters who worked during the applicable statues of limitations through the date a class is certified." (*See* SAC ¶ 138.) Plaintiff

---

[2] As set forth herein, the California Superior Court's ruling was based on the claims brought by Plaintiff in her initial Complaint and applies only to Plaintiff and other CA Promoters.

defines the proposed "California Sub-Class" as "All Pruvit Promoters who resided in the State of California and who performed marketing or sales activities in California" during the relevant statutory period." (SAC, ¶ 140). During the relevant statutory period, only 7,267 of the more than 25,000 Promoters nationwide resided in California. (*See* Dkt. 1-2 (Grace Decl., ¶ 4)).

As an independent contractor of Pruvit, Plaintiff alleges all Promoters were "required to adhere to a series of terms and conditions that Pruvit refers as the "Pruver Agreement" attached hereto as Exhibit A[.]" (*See* SAC ¶ 51 and Ex. A.)

Under Section 8.6 of Pruvit Agreement, it provides:

    a.    The parties expressly ***intend and agree*** that:

        i.   ***Class action and representative action procedures are hereby waived*** and shall not be asserted, nor will they apply, in any court or arbitration; and,

        ii.   The parties will only submit their own, individual claims in any court or arbitration and will not seek to represent the interests of any other person.

Section 8.6 of the Pruver Agreement further states:

    c.    As a Pruvit Promotor and/or Customer, ***I agree that I will not assert class or Collective action claims against Pruvit in arbitration, court, or otherwise***, nor will I join or serve as a member of a class or collective action in arbitration, court or otherwise.

    d.    As a Promotor and/or Customer, I understand that this means that there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action by me or Pruvit. (*Id.*) (emphasis added)

Based on these provisions, all Promoters agreed to waive any and all putative class and/or collective action claims against Defendants arising out of services under the Pruver Agreement.

## III.  LEGAL ANALYSIS

### A.  Legal Standard On A Rules 12 Motion to Dismiss

Federal Rule of Civil Procedure Rule 12(b)(2) authorizes the dismissal of a claim for lack of personal jurisdiction. *Id.* When jurisdiction is challenged, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). In deciding a motion to dismiss for lack of personal jurisdiction, the

court has "considerable procedural leeway" to decide the motion on the face of the complaint; decide the motion on undisputed facts established by affidavits alone; permit discovery in aid of the motion; or even conduct an evidentiary hearing on the merits. *Dorchester Fin'l Secur., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013). When the defendant's motion is based on written materials, the court evaluates only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings and affidavits. *Schwarzenegger,* 374 F.3d at 800. A "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). However, only "well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Rattlesnake Coal. v. U.S. E.P.A.*, 509 F.3d 1095, 1102, n. 1 (9th Cir.2007). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1212 (9th Cir.2000). In a facial attack, the jurisdictional challenge is confined to the allegations of the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), dismissal is proper when the complaint fails to allege a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F3d 1156, 1159 (9th Cir. 2015); *see Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F3d 330, 335 (9th Cir. 2015). (Rule 12(b)(6) dismissal can be based on dispositive legal issue). Dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6) is proper where the face of the complaint demonstrates a contractually valid agreement to waive class claims. *See Laver v. Credit Suisse Sec. (USA), LLC,* 2018 WL 3068109, at *4 (N.D. Cal. June 21, 2018), aff'd, 976 F.3d 841 (9th Cir. 2020) (dismissing class claim by force of class waiver pursuant to Rules 12(b)(1) and (6)).

/ / /

/ / /

**B.** **The Court Must Dismiss The FLSA Claims Of Non-CA Promoters Because It Does Not Have Personal Jurisdiction Over Those Claims.**

    **1.** **Constitutional Due Process Requires That This Court Have Specific Jurisdiction Over The Claims Of Each Potential Opt-In Plaintiff.**

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). In assessing whether personal jurisdiction exists, Constitutional due process requires that defendants "have certain minimum contacts with . . . [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Thus, the primary focus of the personal jurisdiction inquiry is "the defendant's relationship to the forum state." *Bristol-Myers Squibb Co. v. Sup. Ctt of Calif., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Defendants' minimum contacts may give rise, under the appropriate circumstances, to two types of personal jurisdiction— general ("all-purpose") and specific ("case-linked"). *Id.* (citing *Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S 915, 919 (2011)).

An individual defendant subjects itself to the general jurisdiction of courts in the forum state through (1) domicile, (2) explicit consent, or (3) physical presence at the time of service of process. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). For a corporation, "it is an equivalent place [to domicile], one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Thus, a court may exercise general jurisdiction over a corporate defendant where the corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State," the paradigm examples of which are the corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 138-139 & fn. 20 (2014) (quoting *Goodyear*, 564 U.S at 919 (2011). Even a corporation's "substantial continuous and systematic course of business" within a state is

1    insufficient, in and of itself, to establish general jurisdiction in that state because "[a] corporation

2    that operates in many places can scarcely be deemed at home in all of them." *Id.* Thus, it is not the

3    magnitude of in-state contacts that confer general jurisdiction, but rather an appraisal of where the

4    corporation is most "at home," which is determined, in nearly all cases, by the place of

5    incorporation and the principal place of business.[3] *Id.*

6         This Court lacks general jurisdiction over all but one of the Defendants.[4] Pruvit is, and has

7    at all relevant times been, incorporated in Texas, with its principal place of business (where its

8    officers direct, control, and coordinate its corporate activities) also in Texas. *See* Dkt. 1-2, Grace

9    Decl, ¶ 3; *see also* Dkt. 20, SAC, ¶ 22. There are also no factual allegations that Pruvit has

10   explicitly consented to general jurisdiction in California or that would support a conclusion that

11   Pruvit's "affiliations with [California] are so continuous and systematic as to render [them]

12   essentially at home in" California. *Daimler AG*, 571 U.S. at 139. Thus, as a corporate entity, Pruvit

13   is not "at home" in California. Regarding the individual Non-CA Defendants, Plaintiff concedes

14   that Brian Underwood, the current CEO of Pruvit, is a resident of Kentucky (SAC ¶ 23);

15   Christopher Harding is a resident of Puerto Rico (SAC ¶ 24); and Jenifer Grace and Terry LaCore

16   are residents of Texas (SAC ¶¶ 25-26). The incontrovertible declarations of each of these

17   individual Non-CA Defendants further confirm their lack of domicile, express consent to

18   jurisdiction, and physical presence in California. *See* Decls of Brian Underwood, Christoper

19   Harding, Terry LaCore and Jenifer Grace in Support of Defendants' Motion ("Non-CA

20   Defendants' Decls.") at ¶¶ 2-4 (each declaration). Therefore, this Court can only exercise specific

---

[3] Service of process on an agent of an out-of-state corporation is not itself sufficient to confer general personal jurisdiction over the corporation. *Martinez v. Aero Caribbean* 764 F.3d 1062, 1067-1069 (9th Cir. 2014) (in-state service on corporate vice president insufficient to confer jurisdiction because corporations subjected to general jurisdiction only via their principal place of business and state of incorporation).

[4] Defendants concede that as a California resident, Blake Mallen is subject to the general personal jurisdiction of courts located in California.

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

1    personal jurisdiction over these Defendants in California for claims that arise out of or relate to

2    their activities in California. *Schwarzenegger*, 374 F.3d at 801-802.

3    Plaintiff's conclusory and boilerplate allegation that "This Court has jurisdiction over all

4    Defendants" (SAC ¶ 18) is unavailing, since it is not supported by any well pled facts, and is

5    contradicted by the express factual allegations in the very same complaint (*see* SAC ¶¶ 22-26); *see*,

6    *Wenz*, 55 F.3 at 1505 (only "well pled facts of plaintiff's complaint, as distinguished from mere

7    conclusory allegations, must be accepted as true.").  Furthermore, Plaintiff's unsupported

8    conclusion is contravened by the uncontroverted sworn declarations of Jenifer Grace and the

9    individual Non-CA Defendants.  Dkt 1-2 ¶ 3; *See generally* Non-CA Defendants' Decls.

10    Accordingly, Plaintiff cannot make a prima facie case that this court has general jurisdiction

11    over the Non-CA Defendants.

12    **2.**    **The Established Limits of Specific Jurisdiction Apply with Equal Force In**

13    **FLSA Collective Actions.**

14    In *Bristol-Myers*, the U.S. Supreme Court assessed whether a California state court could

15    exercise specific personal jurisdiction in a mass tort action over a company when some in-state

16    plaintiffs joined with out-of-state plaintiffs to assert products liability claims. 582 U.S. at 258.

17    There, the Supreme Court explained "there must be 'an affiliation between the forum and the

18    underlying controversy, principally, [an] activity or occurrence that takes place in the forum State .

19    . ." for each plaintiff. *Id.* at 262 (citing *Goodyear*, 546 U.S. at 919) (brackets in original). In finding

20    that the California court did not have jurisdiction over the non-residents' claims—despite their

21    substantial similarity with the California residents' claims—the Court concluded:

22    

23    The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in
      California—and allegedly sustained the same injuries as did the non-residents—does not
24    allow the State to assert specific jurisdiction over the non-residents' claims. As we have
      explained, "a defendant's relationship with a . . . third party, standing alone, is an
25    insufficient basis for jurisdiction." This remains true even when third parties (here, the
      plaintiffs who reside in California) can bring claims similar to those brought by the non-
26    residents.

27    

28    *Id.* at 265 (internal citation omitted) (emphasis and ellipses in original). The Supreme Court

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

reiterated that these "settled principles" of specific personal jurisdiction apply even in mass actions designed for collective resolution. *Id.* at 264.

In *Harrington v. Cracker Barrel Old Country Store, Inc.*, the Ninth Circuit joined the majority of its sister circuits in holding that the Supreme Court's decision in *Bristol-Myers* applies with equal force to collective actions under the FLSA, such that "where the basis for personal jurisdiction in the collective action is specific personal jurisdiction, the district court must assess whether each opt-in plaintiff's claim bears a sufficient connection to the defendant's activities in the forum state." 142 F.4th 678, 682 (9th Cir. 2025); *see also Fischer v. Fed. Express Corp.*, 42 F.4th 366 (3d Cir. 2022)*; Canaday v. Anthem Companies, Inc.,* 9 F.4th 392 (6th Cir. 2021)*; Vanegas v. Signet Builders, Inc.,* 113 F.4th 718 (7th Cir. 2024)*; Vallone v. CJS Sols. Grp., LLC,* 9 F.4th 861 (8th Cir. 2021).

The Ninth Circuit reasoned that the "FLSA collective mechanism 'is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases.'" *Id.* at 686 (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018)). Because FLSA cases are "made up of individual claims by individual parties, it logically follows that personal jurisdiction be analyzed on an individual basis rather than at the level of the suit." *Id.* Accordingly, a district court may not simply assume that a named plaintiff's claims arising out of the Defendant's business in the forum state is sufficient to establish personal jurisdiction over the Defendant for all claims in the collective action. *Id.* at 687. Rather, each out-of-state plaintiff must demonstrate that his or her individual claim arose from the defendant's contacts with the forum state. *Id.* at 682.

### 3. <u>This Court Lacks Specific Jurisdiction Over Non-CA Promoters.</u>

To the extent Plaintiffs are seeking to represent Non-CA Promoters in their collective FLSA claim, *Bristol-Myers* and *Harrington* make clear that this Court lacks specific personal jurisdiction over the claims of any plaintiff who neither worked nor was paid in California. For specific personal jurisdiction to attach, "there must be 'an affiliation between the forum and the underlying

controversy, principally, [an] activity or occurrence that takes place in the forum State'" for each plaintiff. *Bristol-Myers*, 582 U.S. at 256. That is, specific personal jurisdiction will not attach – even where claims are brought collectively under the FLSA - to claims for which there is no connection between the forum and the distinct claim of each putative collective member. *See Harrington*, 142 F.4th 685; *see also Canaday*, 9 F.4th at 397; *Vallone*, 9 F.4th at 865; *Fischer*, 42 F.4th at 370; *Vanegas*, 113 F.4th at 724.

There is no connection between the State of California and the claims of Non-CA Promoters who did not perform work or receive pay in California.  Looking to the SAC alone, Plaintiff purports to represent a "Nationwide Collective" of "Promoters across the country" consisting of "All current and former Pruvit Promoters" without regard to their physical location. (SAC ¶¶ 11, 137, 140). Plaintiff alleges that these Non-CA Promoters were misclassified as independent contractors (SAC ¶ 229), denied payment of federal minimum wage (SAC ¶ 230), and denied overtime pay (SAC ¶ 231). However, these violations, if they occurred, would have occurred outside California – i.e., a Promoter living and working outside California would likewise have been misclassified and denied wages outside of California. Because the alleged events took place outside of California, there is no specific jurisdiction.

### 4. <u>Because Plaintiff Cannot Meet Her Burden To Demonstrate Specific Personal Jurisdiction, Dismissal Is Proper.</u>

Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)**.** When a defendant's Rule 12 motion is based on the pleadings, the court evaluates only whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on the plaintiff's pleadings. *Id.* Because, on the face of the pleadings, there is no connection between the claims of Non-CA Promoters and the forum state, this court lacks specific personal jurisdiction over those claims such that dismissal is necessary. Fed. Rule Civ. Proc. 12(b)(2); *see also Miranda v. Centerra Services International., Inc.*, 2025 WL 3776033 (S.D. Cal. 2025) (dismissing at pleading stage the claims of would-be opt-in FLSA

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

1  plaintiffs who neither lived in nor worked in California for want of personal jurisdiction).

2        The district court's decision in *Miranda,* which applied the *Harrington* holding on a Rule

3  12(b)(2) motion, is instructive.  In *Miranda,* the Plaintiff challenged the Defendant's Rule 12(b)(2)

4  motion to dismiss on grounds that the issue of personal jurisdiction was not ripe, since notice had

5  not yet gone out to the FLSA collective, such that there were not yet any out-of-state opt-ins. 2025

6  WL 3776033 at *3. The district court rejected this argument, reasoning that parties are generally

7  required to raise jurisdictional challenges at the pleading stage, otherwise the defense is waived.

8  *Id.*, citing Fed. Rule Civ. Proc. 12(h)(1). Because the jurisdictional challenge was timely and the

9  Plaintiff failed "to set forth any facts to support a prima facie case of personal jurisdiction over

10  claims brought by FLSA plaintiffs who neither lived in nor worked in California," dismissal was

11  proper. *Id.* Likewise, here Plaintiff has no prima facie evidence to support jurisdiction over the

12  FLSA claims of Promoters who neither worked nor received pay in California, such that dismissal

13  of their claims is proper. [5]

14  **C.    In the Alternative, The FLSA And Quasi-Contract Claims Of Non-CA Promoters**

15         **Should Be Dismissed Without Prejudice Because They Waived Their Right To**

16         **Participate In A Collective or Putative Class Action.**

17         **1.    Promoters Assented to a Binding Class/Collective Action Waiver.**

18        Under Section 8.6 of the Pruver Agreement, which is attached as an exhibit to Plaintiff's

19  SAC (*see* SAC, Exh. A, Dkt. 20-2), members of the proposed Nationwide Class based outside the

20  state of California have agreed to waive any and all "class or collective claims" against Defendants

21  arising out of the Pruver Agreement. The Parties do not dispute that all Pruvit Promoters are

22  required to adhere to the Pruver Agreement. SAC ¶¶ 50-52 (plaintiff alleges to become a Promoter,

23  individuals must enroll through Pruvit's website, which includes various terms and conditions,

24  including the Pruver Agreement).  The waiver language of Section 8.6 of the Pruver Agreement is

25

26  [5] If the Court decides to dismiss the claims by non-CA Promoters against Pruvit and the individual
    non-CA Defendants based on lack of personal jurisdiction, they also should be dismissed against

27  Defendant Blake Mallen, a California resident and the former President of Pruvit because it would
    no longer make legal or practical sense to procced solely against Mr. Mallen whose conduct and

28  potential liability is directly linked to that of Pruvit solely in his capacity as a former officer.

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

mutual and unequivocal.  By entering into the Pruver Agreement, all parties expressly and unequivocally waived any and all procedural right to any class or collective actions arising out of the Pruver Agreement. Specifically, by the plain language of the agreement, the parties to the Pruver Agreement expressly agreed to "only submit their own, individual claims in any court or arbitration and will not seek to represent the interests of any other person." Further, the parties to the Pruver Agreement expressly agreed that all parties "will not assert class or collective action claims against Pruvit in arbitration, or court, or otherwise, nor will I join or serve as a member of a class or collective action."

### 2.    The Class/Collective Action Waiver Is Binding Under Federal Law As To Non-CA Promoters.

As to the proposed Non-CA Promoters who are part of the Nationwide Class, the class and collective release is binding and enforceable. It is well established under U.S. Supreme Court precedent that waivers of procedural rights to collective or class actions are enforceable. *Epic Systems Corporation v. Lewis*, 584 U.S. 497 (2018). Waivers containing a promise to forego a procedural right are enforceable both within the context of an agreement to arbitrate and outside of such a context. *See American Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013) (a class action waiver is a promise to forego a procedural right and is enforceable); *U1it4Less, Inc. v. FedEx Corp.*, 2015 WL 3916247, at *4 (S.D.N.Y. 2015) ("Nothing in *Italian Colors* [*supra*] suggests that class action waivers contained in a provision also containing an arbitration agreement should be treated as more sacrosanct than waivers in context of a contract without an arbitration agreement"); *Laver v. Credit Suisse Secs. (USA), LLC*, 976 F.3d 841, 846 (9th Cir. 2020) ("although class action waivers are often found in arbitration agreements ... the two contractual terms are *conceptually distinct*.") (emph. added.) Furthermore, the well-established enforceability of agreements to waive procedural rights to representative actions extends to collective actions arising out of the FLSA. *Horenstein v. Mortgage Market, Inc.*, 9 Fed.Appx. 618, 619 (9th Cir. 2001) (arbitration agreement which included express waiver to collective action under FLSA was enforceable, even where cumulative effect was company-wide waiver of employees' statutory right to FLSA collective action.)  Accordingly, the Non-CA members of the putative Nationwide Class

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

1  unequivocally waived only waivable, procedural rights.  On that basis, the Twelfth and Thirteenth

2  Causes of Action should be dismissed as it relates to the Non-CA members of the Nationwide Class

3  pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). *See Laver v. Credit Suisse Sec.*

4  *(USA), LLC,* 2018 WL 3068109, at *4 (N.D. Cal. June 21, 2018), aff'd, 976 F.3d 841 (9th Cir.

5  2020) (dismissing class claim by force of class waiver pursuant to Rules 12(b)(1) and (6)).

6      **3.**    **The Class Action Waiver Provisions in the Pruver Agreement Also Are**

7           **Enforceable Under Texas Law.**

8      The Pruver Agreement has a Texas choice-of-law provision and, thus, if this Court does not

9  apply federal law to determine the validity of the class action waiver provision as it applies to non-

10 CA Promoters, then Texas law should apply. [6]

11     Under Texas law, class action waivers are generally enforceable. *See Naranjo v. Nick's*

12 *Management, Inc,* 652 F.Supp.3d 737 (U.S. Dist. Ct., N.D. Tex. 2023) (collective FLSA action

13 brought on behalf of exotic dancers against club; court enforced collective action waiver in a

14 licensing agreement between the parties under Texas law); *In re Online Travel Co*., 953 F. Supp.

15 2d 713, 721 (N.D. Tex. 2013) (applying Texas law; finding, "[a]s an initial matter, the class action

16 waiver contained in the arbitration provision is enforceable"); *Wynne v. Am. Express Co*., 2:09-CV-

17 00260-TJW, 2010 WL 3860362, at *9 (E.D. Tex. Sept. 30, 2010) (holding that class waivers in

18 arbitration agreements do not "violate[] a fundamental policy of Texas").  Thus, the class-action

19 waiver in the Pruver Agreement is enforceable as to all claims asserted by non-CA Promoters.

20     **4.**    **The Alameda County Superior Court's Order On Defendant's Motion to Strike**

21           **Has No Preclusive Effect on Promoters Outside of California.**

22     Prior to the removal of this action to federal court, Defendants filed a motion to strike the class

23

24   _____

25   [6] Courts uphold choice-of-law provisions where there is a "substantial relationship" to the State.
*See* Restatement (Second) Conflict of Laws § 187.2; *see Peleg v. Neiman Marcus Group, Inc.,* 204
26   Cal.App. 4th 1425, 1446-47 (2012) (must apply choice-of-law provision where there is a
"substantial" relationship" and the choice-of-law does not conflict with another state's public
27   policy that has a "materially greater interest" than the chosen state). Here, Pruvit is headquartered
in Texas and managers its business operations from Texas, establishing a "substantial relationship"
with Texas.  Furthermore, class action waivers do not violate a public policy of Texas, *Wynne,*
28   *supra.* Finally, contrary to any potential assertion by Plaintiff, California has no material interest in
the claims of non-CA Promoters. Thus, the Texas choice-of-law provision must be upheld.

MEMORANDUM OF POINTS AND
AUTHORITIES ISO DEFENDANTS' MOTION
TO DISMISS

action claims of the CA Promoters[7] based on the class action waiver provision in the Pruver Agreement.  On September 25, 2025, Defendant's motion was denied by the Alameda County Superior Court.  However, the Court's ruling (the "9/25/25 Order") offers no preclusive effect on Defendant's instant motion.   A California state court order addressing claims brought by California Promoters under California law does not extend to non-CA Promoters. The order was expressly grounded in the application of California statutory and common law to a putative class of CA Promoters, and its analysis turned on principles unique to California jurisprudence. By its terms and reasoning, the 9/25/25 Order did not apply to non-CA Promoters.

Moreover, the court's analysis relied on *Gentry v. Superior Court*, 42 Cal.4th 443 (2007), a decision addressing the enforceability of class action waivers in employee arbitration agreements where the Federal Arbitration Act ("FAA") did not apply.  Because *Gentry* concerns California public policy considerations specific to California employees, its rationale has no application to non-CA Promoters asserting claims under non-California law. Accordingly, the 9/25/25 Order is not dispositive of whether the class action waivers as to non-CA Promoters should be enforced.

**D.** **If The Court Dismisses The FLSA Claims Of Non-CA Promoters, The Court Should Also Dismiss the FLSA Claims of CA Promoters As Duplicative Of California Law.**

    **1.** **Plaintiff's FLSA Claim Is Wholly Duplicative of Her First and Second Causes of Action under California's Labor Code.**

Plaintiff's collective action claim under the FLSA as to California Promoters is entirely duplicative of her First and Second Causes of Action (unpaid minimum and overtime wages) under California's Labor Code and should be dismissed.  Allowing the FLSA claim to proceed as to CA Promoters would result in unnecessary duplication, inefficiency, and potential confusion.

"[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *Yelp, Inc. v. Google, LLC,* 2025 WL 1168900 (N.D. Cal. 2025) at **16-17 (granting Google's motion to dismiss; Yelp's monopoly leveraging theory is

---

[7] *See,* ECF Dkt No. 1-1, pp. 243-300 "Plaintiff's First Amended Complaint" at p. 279, ¶ 133

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

duplicative of Yelp's monopolization and attempted monopolization claims … "and adds nothing to the relief Yelp seeks."); *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (dismissing a claim in one case as duplicative of a claim by the same plaintiff in another case); *Maurey v. University of Southern California*, No. 98-cv-02900-NM (AIJ), Dkt. 40 at 13-14 (C.D. Cal. 1999) (affirming dismissal of duplicative claims; a count for "breach of the implied covenant of good faith and fair dealing is duplicative of [the count] alleging breach of contract" and "added nothing to [the] relief" sought), *aff'd*, 12 Fed. App'x. 529 (9th Cir. 2001); *but see Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (permitting plaintiff to proceed with false advertising claims under both CA's Sherman Act and a quasi-contract theory; court viewed quasi-contract claim as an alternative theory based on the same alleged conduct).

Here, Plaintiff's FLSA claim arises from the same nucleus of operative facts as her First and Second causes of action under California Labor Code. (SAC ¶¶ 30-133 (facts common to all claims), ¶¶ 134-145 (class allegations), and ¶ 226 (FLSA claim incorporating by reference all preceding allegations). Plaintiff alleges that Defendant misclassified Promoters as independent contractors during the same time periods, which resulted in unpaid minimum and overtime wages. As to the CA Promoters, the FLSA claim does not identify any distinct conduct, additional facts, or separate group of employees beyond those already encompassed by the California Labor Code claims.

Second, the relief Plaintiff seeks under the FLSA is fully coextensive with the relief sought under California law. California's Labor Code and related wage orders provide equal or greater protection than the FLSA with respect to minimum wages, overtime, and compensable work time. Any recovery available under the FLSA would necessarily be subsumed within, or duplicative of, the remedies available to Plaintiff under her First and Second causes of action.

Third, maintaining both an FLSA collective action and a California Rule 23 class action based on the same alleged misconduct is inefficient and prejudicial. The two mechanisms rely on different procedural frameworks (opt-in collective versus an opt-out class) and legal standards (California's "ABC" test for independent contractors vs. the FLSA's "economic realities test), which would create inconsistent rulings, confusion among putative members, and needless

CDF Labor Law LLP

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

4918-5282-9067.1

expenditure of judicial and party resources, without any corresponding benefit.  In sum, Plaintiff's FLSA collective action as to CA Promoters should be dismissed to avoid unnecessary duplication and confusion.

**2.    Plaintiff's Quasi-Contract Claim As to CA Promoters Is Wholly Duplicative of Her UCL Claim.**

Plaintiff's Thirteenth (quasi-contract) claim is based on the exact same factual allegations as her Tenth (UCL) claim. [SAC ¶¶ 30-133 (facts common to all claims), ¶¶ 134-145 (class allegations), and ¶¶ 238-246.  Specifically, Plaintiff's Quasi-Contract claim alleges that Defendants unlawfully retained wages or other compensation through unfair business practices as her UCL claim.  The Quasi-Contract claim does not identify any additional conduct, benefits conferred, or inequitable circumstances beyond those alleged in support of the UCL claim.

Second, the relief sought under both claims is identical. (SAC ¶ 216 (UCL) and ¶ 246 (quasi-contract)]. Plaintiff seeks restitution and disgorgement of profits under the UCL, and she seeks restitution and disgorgement under her quasi-contract/unjust enrichment theory. Where, as here, the UCL provides a comprehensive equitable remedy, a parallel quasi-contract/unjust enrichment claim adds nothing of substance.

Third, as set forth above, maintaining duplicative equitable claims creates redundancy, risks confusion, and improperly expands the case without expanding Plaintiff and the alleged putative class members' potential recovery.  Because the Quasi-Contract claim as to CA Promoters does not provide an independent basis for relief, it should be dismissed as duplicative.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants request this Court to dismiss Plaintiff's Twelfth (FLSA) and Thirteenth (Quasi-Contract) claims in their entirety.

Dated:  February 23, 2026          CDF LABOR LAW LLP

By: _____
                    Alison L. Tsao
Attorneys for Defendants

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On February 23, 2026, I served upon the interested party(ies) in this action the following document described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FLSA AND QUASI-CONTRACT CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) & 12(b)(6)**

By the following method:

| | |
|---|---|
| Glenn A. Danas | Kristen G. Simplicio |
| Cody Laux | Laura E. Older |
| Maksim Gorbunov | Antonia Smith |
| Emily Torromeo | Roke Iko |
| Jolen Medwid | CLARKSON LAW FIRM, P.C. |
| CLARKSON LAW FIRM, P.C. | 1050 Connecticut Ave NW, Suite 500 |
| 22525 Pacific Coast Highway | Washinton, DC 20036 |
| Malibu, CA 90265 | Telephone: (202) 998-2299 |
| Telephone: (213) 788-4050 | |
| | E-MAIL: simplicio@clarksonlawfirm.com; |
| FAX: (213) 788-4070 | lolder@clarksonlawfirm.com; |
| E-MAIL: danas@clarksonlawfirm.com; | asmith@clarksonlawfirm.com; |
| claux@clarksonlawfirm.com; | riko@clarksonlawfirm.com |
| mgorbunov@clarksonlawfirm.com; | |
| etorromeo@clarksonlawfirm.com; | |
| imedwid@clarksonlawfirm.com; | |

[X] **via CM/ECF (registered)**: I hereby certify I electronically filed the above-referenced document(s) and that they are available for viewing and downloading on the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2026, at Irvine, California.

_____
Brenda Cardenas
(Type or print name)

*Brenda Cardenas*
(Signature)

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANTS' MOTION TO DISMISS

CDF Labor Law LLP

4918-5282-9067.1