**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER CARRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRUVIT VENTURES INC.; BRIAN UNDERWOOD; CHRISTOPHER HARDING; TERRY LACORE; JENIFER GRACE; BLAKE MALLEN; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:25-cv-09629-YGR<br><br>Assigned for All Purposes To:<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>(Removed from Contra Costa County Superior Court Case No. C25-00451)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FLSA AND QUASI-CONTRACT CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), 12(b)(2) & 12(b)(6)**<br><br>Date:    April 14, 2026<br>Time:   2:00 p.m.<br>Place:  Oakland Federal District Courthouse, 1301 Clay St., Ctrm 1, 4th Floor |

[PROPOSED] ORDER

CDF Labor Law LLP

4928-8758-0043.1

Defendants PRUVIT VENTURES INC., BRIAN UNDERWOOD, CHRISTOPHER HARDING, TERRY LACORE, JENIFER GRACE, and BLAKE MALLEN's Motion to Dismiss Plaintiff's Twelfth (Fair Labor Standards Act ("FLSA")) and Thirteenth (Quasi-Contract) causes of action contained in Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6) came for hearing on April 14, 2026 at 2:00 p.m. in Courtroom 1 of this Court. Having considered the papers filed by the parties, the relevant legal authority, the arguments made by counsel at the hearing and the record in this case, and good cause appearing, the Court hereby ORDERS as follows:

1. The Twelfth (FLSA) and Thirteenth (Quasi-Contract) Causes of Action brought on behalf of Promoters who did not perform work or receive pay in California ("Non-CA Promoters") are hereby DISMISSED without prejudice insofar as they are asserted against Defendants Pruvit Ventures, Inc., Brian Underwood, Christopher Harding, Terry LaCore, and Jennifer Grace because these Defendants are not subject to the general jurisdiction of courts in California, and this Court lacks specific jurisdiction over those claims. As set forth in *Harrington v. Cracker Barrel Old Country Store, Inc.,* the requirements of specific personal jurisdiction apply with equal force to collective actions under the FLSA. 142 F.4th 678, 682 (9th Cir. 2025). Because the FLSA and Quasi-Contract claims of Non-CA promoters by their very definition do not relate to any activities occurring in California, this court lacks specific jurisdiction over them.

2. The Twelfth (FLSA) and Thirteenth (Quasi-Contract) Causes of Action brought on behalf of Non-CA Promoters asserted against Blake Mallen (the remaining Defendant who resides in CA) are hereby DISMISSED without prejudice in their entirety because, as pled, Mr. Mallen's potential liability is directly linked to that of Defendant Pruvit Ventures, Inc. ("Pruvit") solely in his capacity as a former officer of Pruvit.

   [OR, IN THE ALTERNATIVE]

3. The Twelfth (FLSA) and Thirteenth (Quasi-Contract) Causes of Action brought on behalf of Promoters who did not perform work or receive pay in California ("Non-CA Promoters") are hereby DISMISSED WITHOUT PREJUDICE in their entirety as to all Defendants

because Non-CA Promoters waived their right to participate in putative class, collective and/or representative claims ("Class Action Waiver") when they entered into the Pruver Agreement containing an enforceable Class Action Waiver. Waivers of procedural rights to collective or class actions are enforceable pursuant to *Epic Systems Corporation v. Lewis*, 584 U.S. 497 (2018). Such waivers are enforceable both within the context of an agreement to arbitrate and outside of such a context. *See American Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013); *Laver v. Credit Suisse Secs. (USA), LLC,* 976 F.3d 841, 846 (9th Cir. 2020) ("although class action waivers are often found in arbitration agreements ... the two contractual terms are *conceptually distinct*.") (emphasis added.). The Class Action Waivers also enforceable under Texas law, pursuant to the choice-of-law provision contained in the Pruver Agreement. *See Naranjo v. Nick's Management, Inc,* 652 F.Supp.3d 737 (U.S. Dist. Ct., N.D. Tex. 2023); *In re Online Travel Co.*, 953 F. Supp. 2d 713, 721 (N.D. Tex. 2013).

AND

4. The sole remaining portion of the Twelfth (FLSA) Cause of Action, which is brought on behalf of California Promoters, is also DISMISSED without prejudice pursuant to this Court's broad discretion to control its docket to dismiss duplicative claims. *See Maurey v. University of Southern California,* No. 98-cv-02900-NM (AIJ), Dkt. 40 at 13-14 (C.D. Cal. 1999)*, aff'd,* 12 Fed. App'x. 529 (9th Cir. 2001). The FLSA and Quasi-Contract claims arise from the same nucleus of facts as the California Labor Code claims, the relief sought under the FLSA is fully coextensive with the relief sought under California law, and maintaining both an FLSA collective action and a California Rule 23 class action based on the same alleged misconduct is inefficient, risks confusion and is potentially prejudicial.

AND

5. The Thirteenth Cause of Action under Quasi-Contract theory brought by CA Promoters is also DISMISSED without prejudice on similar grounds of redundancy, because it is based on the exact same factual allegations as the Tenth Cause of action asserted under California's Unfair Competition Law, the relief sought under both claims is identical, and maintaining duplicative, equitable claims creates redundancy and risks confusion.

**IT IS SO ORDERED.**

Dated: _____

Hon. Yvonne Gonzalez Rogers
Judge, United States District Court

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On February 23, 2026, I served upon the interested party(ies) in this action the following document described as: **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FLSA AND QUASI-CONTRACT CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) & 12(b)(6)**

By the following method:

| | |
|---|---|
| Glenn A. Danas<br>Cody Laux<br>Maksim Gorbunov<br>Emily Torromeo<br>Jolen Medwid<br>CLARKSON LAW FIRM, P.C.<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone: (213) 788-4050<br><br>FAX: (213) 788-4070<br>E-MAIL: gdanas@clarksonlawfirm.com;<br>claux@clarksonlawfirm.com;<br>mgorbunov@clarksonlawfirm.com;<br>etorromeo@clarksonlawfirm.com;<br>jmedwid@clarksonlawfirm.com | Kristen G. Simplicio<br>Laura E. Older<br>Antonia Smith<br>Roke Iko<br>CLARKSON LAW FIRM, P.C.<br>1050 Connecticut Ave NW, Suite 500<br>Washinton, DC 20036<br>Telephone: (202) 998-2299<br><br>E-MAIL: ksimplicio@clarksonlawfirm.com;<br>lolder@clarksonlawfirm.com;<br>asmith@clarksonlawfirm.com;<br>riko@clarksonlawfirm.com |

[X] **via CM/ECF (registered)**: I hereby certify I electronically filed the above-referenced document(s) and that they are available for viewing and downloading on the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2026, at Irvine, California.

Brenda Cardenas                                 *Brenda Cardenas*
(Type or print name)                             (Signature)