UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER CARRERA,

     Plaintiff,

    v.

PRUVIT VENTURES INC., and others,

     Defendants.

Case No. 25-cv-09629-NC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF 21

Plaintiff Jennifer Carrera alleges thirteen causes of action on behalf of herself and those similarly situated against Pruvit and its corporate officers for misclassifying employees as independent contractors to avoid paying wages and providing benefits.[1] Defendants move to dismiss the twelfth (Fair Labor Standards Act) and thirteenth (quasi-contract) claims in Plaintiff's second amended complaint. Defendants argue the Court lacks personal jurisdiction over claims brought by non-California Promoters against non-California Defendants. For the reasons below, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.

---

[1] The Court will refer to the California class as the "California Promoters" and the nationwide class as the "non-California Promoters." Defendants Pruvit, Underwood, Harding, Lacore, and Grace (all except Mallen, a California resident) will be referred to as the "non-California Defendants."

United States District Court
Northern District of California

## I.    BACKGROUND

### A.    Factual Background

Plaintiff alleges the following.  Pruvit is a company which sells diet supplements and "Keto" nutritional products.  ECF 20 (second amended complaint, SAC) ¶ 30.  Pruvit operates as a multi-level marketing business which sells its products through its Promoters.  *Id.* ¶¶ 30–32.  Plaintiff worked as a Promoter for Pruvit.  *Id.* ¶¶ 1, 119.  Pruvit's Promoters are misclassified as independent contractors rather than employees to avoid payment of wages and benefits.  *Id.* ¶ 32, 38.

Plaintiff alleges Defendants' citizenship as follows:

- Pruvit is incorporated in Texas, with its' principal place of business in Kentucky and Texas, SAC ¶ 22;
- Underwood, Pruvit's CEO, resides in Kentucky, *id.* ¶ 23;
- Harding, Pruvit co-owner and co-founder, resides in Puerto Rico, *id.* ¶ 24;
- LaCore, co-owner and co-founder, and Grace, a senior executive, reside in Texas, *id.* ¶¶ 25, 26; and
- Mallen, former Pruvit president, resides in California, *id.* ¶ 27.

### B.    Procedural Background

On November 7, 2025, Defendants removed this case from the Contra Costa County Superior Court.  ECF 1.  Plaintiff filed a second amended complaint.  ECF 20.  Defendants moved to dismiss.  ECF 21.  Plaintiff opposed.  ECF 24.  Defendants replied.  ECF 24.  All parties have consented to magistrate judge jurisdiction.  ECF 26.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(2)

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  When the motion to dismiss constitutes a defendant's initial response to the complaint, a plaintiff need only make a prima facie showing that personal

2

jurisdiction exists. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). While a plaintiff cannot "'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true [and] [c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800 (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), and citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

### B.    Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### I.    THE COURT DISMISSES PLAINTIFF'S TWELFTH AND THIRTEENTH CLAIMS AS TO THE NON-CALIFORNIA DEFENDANTS

Defendants contend the Court lacks personal jurisdiction as to claims brought by non-California Promoters. ECF 21-1 at 14–15. Plaintiff contends the Court has general jurisdiction because Pruvit was acquired by a California company. ECF 23 at 15.

3

### A.    Herbalife's Acquisition Does Not Alter Pruvit's Citizenship

Plaintiff contends that Herbalife, a California corporation, acquired Pruvit in 2025 thus changing its citizenship.[2]  ECF 23 at 15.  Defendants argue that Herbalife's limited acquisition of some of Pruvit's assets does not alter its' Texas citizenship or principal place of business.  ECF 24 at 6–7.

Plaintiff asks the Court to essentially impute Herbalife's citizenship onto Pruvit.  Even if Herbalife became Pruvit's parent corporation, the Court would "look[] to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992).  This rule applies, except when "the subsidiary is the alter ego of the parent corporation." *Id.*  "To satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'"  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (citations omitted).

Plaintiff has failed to demonstrate an alter ego relationship.  Plaintiff cites to SEC filings which state that Herbalife obtained "certain assets" of Pruvit and Pruvit "will continue to operate independently under its current ownership for up to two years" after which "Herbalife can launch ketone products as the companies come together."  ECF 23-2 at 7.  Pruvit's former president, Mallen, became Herbalife's Chief Strategy Officer.  *Id.* Defendants have successfully negated this evidence by stating that (1) the agreement with Herbalife was not an equity sale, (2) the entities will remain separate and distinct, and (3) Pruvit retains operational and strategic control.  ECF 24-1 at 2.  Further, Mallen did not begin employment with Herbalife until his time with Pruvit concluded.  *Id.* at 3.  Even drawing all inferences in Plaintiff's favor, Plaintiff fails to establish that there is a "unity of

[2] Plaintiff does not contest that the Court has specific jurisdiction over Defendants Underwood, Harding, LaCore, and Grace.  ECF 23.

interest and ownership" or any disregard of their formal identities. *Harris Rutsky & Co. Ins. Servs.*, 328 F.3d at 1134. Nor is there sufficient support to justify jurisdictional discovery. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864–65 (9th Cir. 2022) ("a mere hunch that [discovery] might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery.") (citations and quotations omitted). Accordingly, the Court may only exercise specific jurisdiction over Pruvit.

**B.      The Court Lacks Specific Jurisdiction Over the Non-California Defendants for Claims by Non-California Promoters**

Defendants argue that the Court lacks specific jurisdiction over claims by non-California Promoters who neither worked nor were paid in California. ECF 21 at 14. Plaintiff contends this question is premature, and the Court should defer jurisdictional analysis until after the absent class members have joined the case. ECF 23 at 20.

Specific jurisdiction requires a nonresident defendant's "suit-related conduct [to] create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Where there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017). Recently, the Ninth Circuit held that the *Bristol-Myers* personal jurisdiction framework applies to FLSA collective actions. *Harrington v. Cracker Barrel*, 142 F.4th 678, 687 (9th Cir. 2025). The *Bristol-Myers* rule requires that personal jurisdiction be analyzed on an individual basis rather than as a collective suit, such that each claim bears a connection to the defendant's contacts with the forum state. *Bristol-Myers*, 582 U.S. at 265.

Plaintiff has not convinced the Court that it would have specific jurisdiction for claims which did not arise from or sufficiently relate to Defendants' relationship to California. Plaintiff argues that non-California Promoters may have a connection to this forum by, for example, selling to California customers, engaging in recruiting activities towards California, or attending trainings in California, but has not alleged such in the

complaint. ECF 23 at 21. The Court is persuaded by the reasoning in *Miranda v. Centerra Servs. Int'l, Inc.*, No. 24-cv-02340-BAS-MMP, 2025 WL 3776033 (S.D. Cal. Dec. 29, 2025). There, before issuing notice to potential opt-in plaintiffs, the court dismissed FLSA claims brought by out-of-state plaintiffs for conduct occurring outside California where the court only had specific jurisdiction over defendants. *Id.* at *3. The *Miranda* court found that plaintiffs had "fail[ed] to set forth any facts that would support a prima facie case of personal jurisdiction over claims brought by FLSA plaintiffs who neither lived in nor worked in California." *Id.* The same is true here. *See also McNutt v. Swift Transp. Co. of Ariz., LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *8 (W.D. Wash. July 7, 2020) ("The record does not demonstrate a basis to conclude that the wages or pay structure of an out-of-state plaintiff who was not assigned to a Washington terminal was related to [non-resident defendant's] activities within Washington."). Further, as *Harrington* held, "[n]othing in the text of the FLSA or the nature of the collective action suggests that the framework for the court's personal jurisdiction analysis changes between the original plaintiff's claims and opt-in plaintiffs' claims." 142 F.4th at 687.

It is possible Plaintiff could cure the pleading with additional facts regarding (1) non-California Promoters and non-California Defendants' activities within California, and (2) how those activities are related. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts). Accordingly, the Court dismisses Plaintiff's twelfth claim as to Underwood and Pruvit and the thirteenth claim as to all non-California Defendants with leave to amend.[3]

---

[3] Because this Order dismisses Plaintiff's only nationwide class claims, the Court need not determine whether the class action waiver applies. While "courts consistently enforce class and collective action waivers in FLSA actions," applicability here will depend upon each opt in plaintiff's forum state's contract law. *Connell v. ByteDance, Inc.*, No. 24-cv-07859-NC, 2025 WL 1828472, at *19 (N.D. Cal. July 1, 2025) (Cousins, N.). Accordingly, the Court defers this question until a non-California Promoter opts in to the action.

United States District Court
Northern District of California

**C.    The Court Declines to Exercise Pendent Claim Personal Jurisdiction**

Plaintiff suggests the Court exercise pendent claim personal jurisdiction over non-California Promoters' claims.  ECF 23 at 18 n.6.  The doctrine permits a court to "assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).  Plaintiff essentially asks the Court to extend the doctrine of pendent claim personal jurisdiction to "pendent party personal jurisdiction" wherein "a court's exercise of personal jurisdiction over one defendant as to a particular claim by one plaintiff allows it to exercise personal jurisdiction with respect to similar claims brought by other plaintiffs." *Suazo v. Bluemercury, Inc.*, No. 3:22-cv-06307-JD, 2023 WL 2959997, at *5 (N.D. Cal. Apr. 14, 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021)).  However, that "has no basis in the federal rules or statutes and is hard to reconcile with *Bristol-Myers*" and the Ninth Circuit's recent *Harrington* decision.  *Id.* (citation and quotations omitted).  As such, the Court declines to exercise pendent personal jurisdiction.

**II.    PLAINTIFF'S QUASI-CONTRACT CLAIM AGAINST MALLEN FAILS**

Defendants request the Court also dismiss the quasi-contract claim by non-California Promoters as to Mallen, former Pruvit president, because his liability is directly linked to Pruvit. [4]  ECF 21-1 at 16 n.5.  Defendants contend it is illogical to maintain the quasi-contract claim against Mallen only if it has been dismissed as to Pruvit.

An unjust enrichment claim requires the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726 (2000).  To state a claim upon which relief can be granted, Plaintiff

_____

[4] Plaintiff alleges, and Defendants do not contest, that Mallen is a citizen of California so subject to general jurisdiction in this Court.  SAC ¶ 27; ECF 21-1 at 12 n.4.

must allege that Mallen actually received a benefit at Plaintiff's expense.

Plaintiff fails to allege sufficient facts to support a quasi-contract claim against Mallen. Plaintiff alleges that she and the class conferred benefits on Defendants by (1) performing services, including marketing, sales, recruitment, brand promotion, customer service, (2) purchasing goods from Defendants for promotional purposes, and (3) paying Defendants to access necessary work instrumentalities. SAC ¶ 243. It is not clear what benefit Mallen, as Pruvit's then president, actually received. *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 958 (N.D. Cal. 2003) (dismissing unjust enrichment claim where "plaintiff fail[ed] to allege any specific facts regarding the amount of benefit that [the defendant corporation's president] received or any detail of the circumstances surrounding [defendant's] actual receipt of the benefit"). Accordingly, the Court grants Defendants' motion to dismiss the quasi-contract claim with leave to amend.[5]

### III.    THE COURT OVERRULES EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SUPPORTING DECLARATION

Defendants object to evidence in Kristen Simplicio's Declaration submitted in support of Plaintiff's Opposition. ECF 24-2 at 2–5. Defendants argue the SEC filings and California Secretary of State statement are hearsay, lack foundation, and are irrelevant. *Id.* The Court granted judicial notice of the SEC filings and California Secretary of State statement, so overrules Defendants' objections.

### IV.    CONCLUSION

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's twelfth and thirteenth claims with leave to amend. By May 21, 2026, Plaintiff may amend or file notice that she does not seek to amend. Plaintiff may not add additional parties or claims without leave of Court. Defendants need not answer the second amended complaint while

---

[5] Though Plaintiff's FLSA and quasi-contract claims have been dismissed, because leave to amend is granted, the Court notes that it is not persuaded that the dismissed claims are duplicative of Plaintiff's state law claims. Plaintiff may allege claims for relief in the alternative. Fed. R. Civ. P. 8(d). There are also substantial differences between the dismissed and state law claims at issue.

United States District Court
Northern District of California

waiting for Plaintiff's May 21, 2026, response.  Rather, Defendants must answer or respond within twenty-one days after Plaintiff's May 21, 2026, filing.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

9