CDF Labor Law LLP
601 Montgomery Street
Suite 333
San Francisco, CA 94111
T 415.981.3233

COUNSEL TO CALIFORNIA EMPLOYERS®

September 28, 2026

Sender's e-mail:
mkoepf@cdflaborlaw.com

**VIA CM/ECF**

Hon. Nathanael M. Cousins
U.S. District Court, Northern District of California

Re: *Carrera v. Pruvit Ventures Inc., et al., Case No. 5:25-cv-09629-NC*
Defendants' Response to Plaintiff's 9/25/26 Discovery Dispute Letter

Dear Judge Cousins:

Defendants respectfully submit this response to Plaintiff's letter concerning the Parties' discovery dispute regarding videos previously produced in this action and associated metadata. Plaintiff's letter contains several material misrepresentations. We write to clarify the record.

First, Plaintiff's counsel's assertion that a "joint letter" was not possible is inaccurate. Plaintiff's counsel never proposed that the Parties prepare a joint submission on these issues.

Second, Plaintiff's counsel's statement that portions of video of recorded events attended by Promoters (the alleged misclassified independent contractor position at issue) of defendant Pruvit Ventures Inc. ("Pruvit") have been deleted **is absolutely false**. Defense counsel has explained to Plaintiff's counsel that, in response to individual discovery requests served on individual defendants Brian Underwood (former CEO of Pruvit) and Blake Mallen (former President of Pruvit), that it **excerpted** and produced **over 80 hours** of the videos (from up to 900 hours of video), which contained communications made by Mr. Underwood and Mr. Mallen to Promoters during these events.[1] **100% of the underlying videos and metadata have been preserved and maintained by Pruvit**. Furthermore, as Plaintiff's counsel has been informed, the video excerpts **are exact extracts from the original files** and were produced to Plaintiff exactly as extracted. No edits, alterations, modifications or deletions have been made to the excerpts. They show exactly what Mr. Underwood and Mr. Mallen communicated to Promoters at these events. Defendants are happy to provide the Court with the exact same videos we provided to Plaintiff's counsel and a declaration from the employee who clipped the excerpts. It

[1] These excerpts were in direct response to Plaintiff's discovery requests seeking communications from Mr. Underwood and Mr. Mallen to Promoters. They were not "self-selected" as Plaintiff misrepresents. The other approximate 420 to 820 hours of video from all virtual and in-person Pruvit events from the last 5 years are largely non-responsive, irrelevant and disproportionate to the needs of this case.

is obvious from the videos that were produced that Defendants did not delete portions of statements when either Mr. Underwood or Mr. Mallen were speaking.[2]

Third, with respect to the meta data, in review of the videos that our law firm received directly from Pruvit and then provided to Plaintiff's counsel, the only meta data provided was that related to copying of the videos for production. However, as has been explained to Plaintiff's counsel (and blatantly ignored in her letter to the Court), the **actual dispute with respect to meta data is much broader than just the 80+ hours of videos**. Plaintiff's counsel now wants all 10-20 TB of video recordings in response to a discovery request previously served on Pruvit in the action[3] (not just the metadata relating to the 80+ hours of video, although because the CEO and/or current President spoke at virtually every event, it is akin to seeking all of the videos). As soon as Defense counsel recently became aware of the larger volume of videos, it notified Plaintiff's counsel and requested a call to discuss.[4] The reality of the situation is that 10-20 TB of data translates into approximately 500-900 hours of video (or even more based on the quality of the recordings). Based on time estimates from Pruvit's internal media representative, Defendants advised Plaintiff that it is estimated that it would take **one employee approximately two weeks to the exclusion of all other assignments**[5] to download the data onto external hard drives to provide to Plaintiff's counsel, which also are expensive (could cost up to $1,000 per hard drive, depending on the size needed), and there needs to be two copies – one for Defense counsel and one for Plaintiff's counsel.

**Fourth, the 10-20 TB of video and associated metadata are irrelevant.** The videos at live events were recorded by third party media vendors. The videos of virtual events were hosted and recorded using Zoom. The metadata showing who actually recorded the videos and the computer on which they were recorded is absolutely irrelevant. What is potentially relevant in this action is what was communicated to Promoters by the founders and the former/current Presidents of Pruvit, which 80+ hours of communications have already been produced to Plaintiff. Plaintiff has never articulated a legitimate basis for all the videos and meta data, and why Defendants should expend substantial time and resources to produce up to 900 hours of videos. Specifically, Plaintiff has failed to point to any communication within the 80+ hours of

[2] Additionally, the 80+ hours of videos contain portions when Mr. Martinez and/or Jessie Lee Ward were speaking. Mr. Martinez was Pruvit's designated Rule 30(b)(6) witness on most topics and Ms. Ward was a former successful Promoter who spoke at events to provide selling tips to Promoters based on her own personal experience as a Promoter.

[3] Plaintiff's RFPD No. 20 to Pruvit sought ALL DOCUMENTS RELATING TO TRAINING AND EVENTS. While Pruvit objected to this Request as overly broad and unduly burdensome, Pruvit amended its response on 9/11/26 to advise it was producing video recordings of each event. As explained to Plaintiff's counsel, at that time, Defense counsel was referring to the 80+ hours of video that were being produced, which Defense counsel who wrote the response believed in good faith were all of the videos.

[4] Plaintiff's counsel keeps accusing Defense counsel that it must have known about the videos. As Plaintiff's counsel has been advised, Defense counsel (both in-house and counsel of record) did not know about the videos until recently and her attacks on Defense counsel's credibility and ethics is unfounded, unprofessional and not well-taken.

[5] Two weeks is a good faith estimate. It possibly could take longer to download 2 copies of each video.

video as being relevant to class certification issues (and even if she could, why she needs more video saying substantially the same thing). The videos are not "training" videos as Plaintiff's counsel represents but are largely motivational in nature and the events (live or streamed) were meant to inspire Promoters to sell Pruvit's products, educate Promoters on the science behind the products, and discuss why the products are so great. Furthermore, all events hosted by Pruvit were voluntary and the video recordings were generally not made available to Promoters who did not attend the events. They have nothing to do with the classification of Promoters as independent contractors. However, to the extent that Plaintiff's counsel disagrees, Defendants have already largely produced the portions related to the former CEO and President. Instead, Plaintiff's counsel has turned this into an unprofessional attack on Defense counsel to try to move existing deadlines.

To meet and confer in good faith, and by way of suggestion, Defendants offered Plaintiff: (1) choose any 15 trainings or events ***at Plaintiffs' sole discretion at any time during the relevant statutory period***, and Defendant will download and provide the videos and associated metadata (Defendants have already provided all copies of flyers sufficient to identify the dates, names and/or topics of events to Plaintiff and Plaintiff herself attended some of these events and would have first-hand knowledge of the topics and nature of the events),[6] or (2) receive copies of all 10-20 TB of videos and associated metadata (Defendants have nothing to hide in this litigation), but it would need to pay the costs for Defendants to provide this data, given the undue burden and cost to do so. ***Plaintiff's counsel refused either option and has failed to offer any alternative of its own before filing their letter with the Court last Friday***.[7] In addition, Defendants have explained they do not want to keep going back to retrieve and produce video data. Therefore, Plaintiff needs to make up her mind as to what data she wants. Plaintiff has never offered to pay for and/or share the cost of producing such voluminous data.

Very truly yours,

Marianne C. Koepf
Partner
CDF Labor Law LLP

[6] A single live event spanning 2 or 3 days could take 5 or 6 hours to retrieve and produce.
[7] A further meet and confer letter was sent by Plaintiff to Defendants today, 9/28/26, at 11:42 a.m., further evidencing Plaintiff's failure to finish meeting and conferring on this issue.